UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF DISTRICT OF WISCONSIN

**RICHARD K. SCHULTZ**
1009 Blue Hill Avenue
Fond du Lac, WI 54935

        Plaintiff,

                          Case No.   20-cv-890

vs.

**LIFE INSURANCE COMPANY OF NORTH AMERICA**
Registered Agent:
CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI, 53703

        Defendant.

# COMPLAINT

The Plaintiff, Richard K. Schultz, by Hawks Quindel, S.C., for his complaint against the above-named Defendant, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Fond du Lac, Wisconsin.

2. Defendant, Life Insurance Company of North America("Insurance Company"), on information and belief, is a corporation organized under the laws of the state of Pennsylvania, licensed to do business in Wisconsin.

## JURISDICTION & VENUE

3. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

4. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

5. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

6. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

7. Prior to his disability, Plaintiff was employed as a Quality Control Technician, a light duty occupation, at Brunswick Corporation.

8. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

9. Plaintiff performed his last day of work on January 3, 2017, and ceased working after that date due to chronic back pain, arthritis in his sacroiliac joints, and chronic pain in his hips and lower extremities.

10. Plaintiff applied for SSDI benefits and is awaiting a determination.

11. Plaintiff made a claim for LTDI benefits through Defendant.

12. Plaintiff's LTDI benefit is worth $2,733.00 per month.

13. Defendant was responsible for paying Plaintiff's LTDI benefits.

14. Defendant determined whether Plaintiff was eligible for LTDI benefits.

15. Defendant approved Plaintiff's claim for LTDI benefits from July 5, 2017, until March 22, 2018.

16. On March 23, 2018, Defendant denied Plaintiff's claim for LTDI beyond March 22, 2018.

17. On December 13, 2018, after an administrative appeal, Defendant overturned its March 23, 2018, denial and retroactively reinstated Plaintiff's LTDI benefits.

18. Consequently, Defendant approved Plaintiff's claim for LTDI from July 5, 2017, until July 5, 2019.

19. On August 1, 2019, Defendant denied Plaintiff's claim for LTDI beyond July 5, 2019.

20. On January 28, 2020, Plaintiff timely appealed Defendant's August 1, 2019, denial of Plaintiff's LTDI benefits claim.

21. On March 27, 2020, Defendant upheld its August 1, 2019, denial of Plaintiff's LTDI benefits claim.

22. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

23. Plaintiff submitted all information requested by the Defendant.

24. Defendant failed to consider the issues raised in Plaintiff's appeal.

25. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

26. Defendant did not perform a "full and fair review" of Plaintiff's claim.

27. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

28. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

29. Defendant failed to engage in a meaningful dialogue with Plaintiff.

30. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

31. Defendant conducted a selective review of Plaintiff's medical records.

32. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

33. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

34. At all times material to this case, the Plan has remained in full force and effect.

35. Defendant's denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

# FIRST CAUSE OF ACTION:
# DENIAL OF BENEFITS IN VIOLATION OF
# SECTION 502(a)(1)(B) OF ERISA

36. The preceding paragraphs are reincorporated by reference as though set forth here in full.

37. Plaintiff has been and remains disabled, as that term is defined by the Plan.

38. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

39. Defendant wrongfully denied LTDI benefits due to Plaintiff.

40. Alternatively, if the arbitrary and capricious standard of review applies, then Defendant arbitrarily and capriciously denied Plaintiff benefits.

41. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

42. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plan from one case to the next.

43. As both the payer of claims and the adjudicator of claim eligibility, Defendant has an inherent conflict of interest.

44. Defendant's denial of Plaintiff's LTDI benefits was "downright unreasonable."

45. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Richard K. Schultz, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: June 11, 2020

**HAWKS QUINDEL, S.C.**

By: */s/ William E. Parsons*
William E. Parsons, State Bar No. 1048594
Email: wparsons@hq-law.com
Lynn K. Lodahl, State Bar No. 1087992
Email: llodahl@hq-law.com
409 East Main Street, P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236

Attorneys for Plaintiff, Richard K. Schultz